Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Stephen Craig Newbry** | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF UTAH** | |
| Case number: | | |
| (If known) | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan
12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1  Debtor(s) will make regular payments to the trustee as follows:**

**$315.00** per **Month** for **58** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2  Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Stephen Craig Newbry** | Case number | |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income refunds as follows: ***The following tax years are proposed to be contributed 2022, 2023 and 2024.*** *On or before April 30th of each applicable year, debtor(s) shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. Any required tax refund contributions shall be paid to the trustee no later then June 30 of the year the applicable return is filed. The Debtor(s) are authorized to retain any Earned Income Credit and/or Additional Child tax Credit as they are excluded from the disposable income analysis 1325(b)(1) as being necessary for maintenance and support of the Debtor(s). The Debtor(s) shall contribute any net refund attributable to over-withholding of income tax that exceeds $1,000.00. However, debtor(s) are not obligated to pay overpayments that have been properly offset by a taxing authority. Tax refunds paid into the plan may reduce the plan term to not less than the Applicable Commitment Period, but in no event shall the amount paid into the plan be less than thirty-six (36) plan payments plus all annual tax refunds required to be paid into the plan.*

*For the first year contribution of **2022**, the trustee will determine if the section 1325(a)(4) best interest of creditor test has been satisfied and will provide to counsel for the Debtor(s) a calculation of the required pot amount. If a pot to unsecured creditors is required, the Debtor(s) will have thirty (30) days from the receipt of such calculation to file a Motion to Modify the plan to provide for the required return to unsecured creditors or stipulate to an Order Modifying the Plan, which order will be prepared by the Trustee. The Debtor(s) must satisfy plan feasibility through either increased monthly plan payments or the turnover of a lump sum contribution of the current tax refund. If a lump sum contribution is elected, the Trustee is not required to segregate such lump sum contribution and pay immediately to unsecured creditors, but instead shall disburse lump sum contributions in accordance with the Order of Distribution set forth in Local Rule 2083-2(e). If the Debtor(s) fail to file a Motion to Modify, the Trustee will move to dismiss the Debtor(s) case. The debtor(s) shall contribute any refund attributable to over withholding of wages that exceeds $1,000.00.*

**2.4 Additional payments.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5**  The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>**18,270.00**</u>.

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**3.1**  **Maintenance of payments and cure of default, if any.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2**  **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**  **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

Debtor **Stephen Craig Newbry** Case number _____

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Timberline Financial** | **2012 Buick Verano 141000 miles** | **$10,706.00** | **5.25%** | **$206.85** Disbursed by: ☑ Trustee ☐ Debtor(s) | **$12,411.35** |

*Insert additional claims as needed.*

**3.4** **Lien avoidance**.

*Check one.*
    ☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*
    ☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**1,827.00**.

**4.3** **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**3,350.00**.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
    ☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
    ☑ The debtor(s) estimate the total amount of other priority claims to be **$0.00**

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
    ☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

    ☑ The sum of $ **0.00**
    ☐ ____% of the total amount of these claims, an estimated payment of $____.

Debtor **Stephen Craig Newbry** Case number

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☐ plan confirmation.
☐ entry of discharge.
☑ other: *The income of the debtors shall remain property of the estate throughout the bankruptcy and not vest in the debtors pursuant to 11 U.S.C. Section 1327(b). The rest of the debtors' property will vest at the time of confirmation..*

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**

☑ *Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective. The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
  (a) The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated..
  (b) Any order confirming this Plan shall constitute a binding determination the Debtors have timely filed all of the information required by 11 U.S.C §521(a)(1).
  (c) **Adequate Protection Payments**: If the debtor seeks to pay Adequate Protection Payments to holder of secured claim in Part 3 above. Adequate protection payments, if any, are set forth in the Notice for Adequate Protection Payments (Local Form 2083-1-C). Affected creditors are listed below, and their claims are listed in either Parts 3.2 or 3.3. Affected creditors should refer to the Notice for Adequate Protection Payments for detail concerning the amount and duration of Adequate Protection Payments. **Timberline Financial.**
  (d) **Allowed Secured Tax Claims** Not Provided for Under Plan: Any allowed secured claim filed by taxing authority not otherwise provided for by this Plan shall be paid in full as part of Class 5 as set forth in Local Rule 2083-2(e), with interest at the rate set forth in the proof of claim or at 0% per annum if no interest rate is specified.
  (e) **Applicable Commitment Period**: The applicable commitment period for the Plan shall be stated in Part 8.1 of the Plan as a nonstandard provision. The applicable commitment period for the Plan is not less then 36 months for below median cases and no more then 60 months for above median cases, as required by§ 1325(b)(4). The number of months listed in Part 2.1 for which the debtor will make regular payments is an estimate only; the Applicable commitment period stated here dictates the term

| Debtor | **Stephen Craig Newbry** | Case number | |
|---|---|---|---|

*of the Plan.* **This is a below median case and the applicable commitment period shall be 36 months. Any below median case may be extended as necessary not to exceed 60 months to complete the Plan payments.**

## Part 9: Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

X    **/s/ Theron D. Morrison**                                    Date    **June  7, 2022**
    **Theron D. Morrison 10331**
    Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor **Stephen Craig Newbry** Case number _____

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $12,411.35 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $5,177.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $681.65 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | $18,270.00 |